# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No: 3:09-548-JFA |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| ALVIS DAMON WILLIAMS | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the court upon the motion of the defendant Alvis Damon Williams to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant has since withdrawn that motion. The court finds that by filing a verified petition containing materially false statements of fact, the defendant presented false information to the court. Therefore, the court hereby revokes his earned release credit ("good time credits") pursuant to 28 U.S.C. § 1932.

## BACKGROUND

On May 6, 2009 a federal Grand Jury returned a seven count indictment against Williams on various drug and weapons offenses. Counts 1, 4 and 5 charged Williams with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count 2 charged Williams with possession with intent to distribute a quantity of cocaine and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1). Count 3 charged Williams with possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1). Count 6 charged Williams with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). Count 7 charged Williams with possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1).

On December 4, 2009, Williams pled guilty pursuant to a written conditional plea agreement in which the parties stipulated that Williams would receive a sentence of 41 months imprisonment for his plea to Count 1. The agreement provided that if this stipulation was not accepted by the court, the defendant would have the right to withdraw his guilty plea.

A Presentence Investigation was conducted and a Presentence Report (PSR) was prepared. According to the PSR, the advisory guideline range was 188 to 235 months and there was a statutory mandatory minimum sentence of 15 years (180 months). As a result, on July 19, 2010, the court rejected the conditional plea agreement providing for a 41 month sentence.[1] Pursuant to Rule (c)(5), the court appointed a new attorney, Rock Hill attorney Leah Moody,[2] to represent the defendant at defendant's request, and allowed the defendant to withdraw his earlier plea and plead guilty to an amended written plea agreement in which both parties again stipulated to a 41 month term of imprisonment for a plea to Count 3, the marijuana count. An amended PSR was prepared which provided that while the advisory guideline range would have been 92 to 115 months, pursuant to U.S.S.G. § 5G1.1(a) and 21

---

[1] The court rejected the agreed upon sentence because it would have constituted an illegal sentence under the circumstances of this case. The United States Attorney who negotiated the 41-month agreed upon sentence informed the court at the sentencing hearing that he did not have authority to make a motion for a downward departure, pursuant to 18 U.S.C. § 3553(e), so as to authorize the court to impose a sentence lower than the mandatory minimum sentence of 15 years. Faced with this quandary, the court was left with no recourse but to reject the conditional plea agreement.

[2] At about the time the court rejected the conditional plea, the defendant indicated that he was dissatisfied with his court-appointed attorney—an Assistant Federal Public Defender with 25 years experience in this district. Although the defendant had no grounds to seek a new court-appointed counsel, the court nevertheless appointed a new attorney to represent the defendant. This new attorney was a sole practitioner maintaining an office in Rock Hill, South Carolina, over 90 miles from Columbia, South Carolina.

U.S.C. §§ 841(a)(1) and 841(b)(1)(D), the range was now 60 months, because of the statutory maximum sentence for possession of marijuana with intent to distribute.

On September 8, 2010, Williams appeared for sentencing, now represented by Ms. Moody, at which time Ms. Moody withdrew two objections to the PSR after this court indicated it was prepared to accept the recommended sentence of 41 months.[3] Williams did not appeal.

Williams then filed a motion to vacate his sentence. He alleged that: (1) counsel was ineffective in failing to object at sentencing to the Court's application of the sentencing guidelines; and (2) counsel was ineffective in failing to file an appeal.

Under established Fourth Circuit precedent,[4] the claim that counsel was deficient for failing to file a direct appeal triggered the obligation of the court to appoint counsel and conduct an evidentiary hearing for a factual determination on this issue. At the beginning of the hearing on September 22, 2011, the defendant notified the court that he wished to withdraw his petition. That motion is no longer before this court.

REVOCATION OF EARNED RELEASE CREDIT

The court hereby invokes 28 U.S.C. § 1932[5] and orders that the defendant's good time credit earned thus far be vacated pursuant to that statute. The court specifically finds that altough at the hearing on September 22, 2011, the claimant did not testify falsely, he did

---

[3] The 41 month sentence upon defendant's guilty plea to Count 3 represented a substantial departure from the guideline sentence of 60 months.

[4] *See Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000); *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000).

[5] There are actually two statutes codified at 28 U.S.C. § 1932. The court refers to the second of these two sections.

"otherwise knowingly present false evidence or information to the court." 28 U.S.C. § 1932(3). Even though Williams did not testify during the hearing, he filed a complaint with this court containing the following allegation:

> Here, court-appointed counsel, Leah Moody, rendered ineffective assistance of counsel when she failed to object to the district court's application of the sentencing guidelines and when she failed to file a direct appeal as requested by Williams.

The signature page of the complaint included Williams's signature immediately below a passage which reads as follows:

> I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct and that this motion under 28 U.S.C. § 2255 was placed in the prison mailing system on (month, date, year).

When the government responded and moved for summary judgment, it included in its materials an affidavit from Attorney Moody indicating that Williams did not, in fact, request that she take a direct appeal on his behalf. Williams responded to this motion for summary judgment with a document styled "Motion in Opposition to the Government's Request for Summary Judgment." In this pleading, Williams challenged the assertions made by the government in its motion and suggested that an evidentiary hearing was necessary.

In accordance with circuit precedent, this court scheduled an evidentiary hearing, appointed Columbia attorney Michael Duncan to represent the defendant, directed that the Bureau of Prisons return the defendant to this district for the hearing, and issued an order requiring that Attorney Moody appear at the evidentiary hearing to give testimony.

With this background, the court finds this to be a particularly egregious case. Although the defendant withdrew his § 2255 motion at the commencement of the evidentiary

hearing, all of the logistical arrangements had by that time been completed. Present in the courtroom were the court, its law clerk, courtroom deputy and court reporter, two deputy United States Marshals, two Assistant United States Attorneys, a Probation Officer, Ms. Moody (a sole practitioner who had to drive one and one-half hours to reach the courthouse in Columbia), and the defendant with his third court-appointed counsel. Defendant's withdrawal of his § 2255 motion at the commencement of the hearing was tantamount to an admission that his version of the facts was incorrect and that Ms. Moody's affidavit was true. The court thus finds that the defendant made material misstatements of fact in his verified complaint.

The defendant was first provided with a very qualified assistant federal public defender (Langdon Long) who has practiced before this court for twenty-five years. The defendant was dissatisfied that attorney's representation. That attorney, however, had negotiated an agreed upon sentence of 41 months for a defendant who was facing a mandatory minimum sentence of 15 years. This court nevertheless went along with defendant's request to appoint new counsel and appointed Ms. Moody. Ms. Moody was able to put the puzzle back together and persuade the government to allow the defendant to plead to a different count of the indictment that did not require a mandatory minimum of 15 years. After withdrawing the first guilty plea, a new plea was undertaken.

The court then proceeded to a sentencing hearing where the guideline range provided for 60 months, but this court went along with the agreed upon sentence and imposed a sentence of 41 months. So, suffice it to say, the defendant received a significant benefit from Ms. Moody's representation in this case.

The defendant then filed the present § 2255 action claiming that he requested that Ms. Moody take an appeal and that she failed to do so. He made that allegation in the verified complaint which was filed with this court, triggering the hearing on September 22. The government even conceded in its response that a hearing was necessary.

The court expressly finds no misconduct or malfeasance on behalf of petitioner's present counsel, Michael Duncan. Mr. Duncan has done everything he was required to do in this case: He has faithfully represented his client and he has been candid with the court. Though Mr. Duncan was unable to meet with his client before the day of the hearing, that fact has no significance because the hearing was to be conducted regarding a very limited, though contested, issue. As a result, one meeting the morning of the hearing was sufficient. The court expressly finds that Mr. Duncan, defendant's present counsel, has done everything requested of him by this court, and he has fully and fairly and faithfully represented his client in this case.

The court therefore directs the Bureau of Prisons to vacate the good time credit accumulated by the defendant thus far during his incarceration.

IT IS SO ORDERED.

_Joseph F. Anderson, Jr._

September 26, 2011                    Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge